NORMAN BUXBAUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buxbaum v. Commissioner
Docket No. 34931-83.
United States Tax Court
T.C. Memo 1988-251; 1988 Tax Ct. Memo LEXIS 282; 55 T.C.M. (CCH) 1035; T.C.M. (RIA) 88251; June 7, 1988. Norman Buxbaum, pro se. Ross Paulson, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, *283 Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated sec. 7443A(b) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 182. [1] Respondent, by notice of deficiency, determined that petitioner had deficiencies in his Federal income tax as follows: Section
Section
Year
Tax
6653(a)(1)
6653(a)(2)
1980
$ 2,118
$ 105.90
--
1981
1,271
63.55
50 percent of the
interest due on $ 1,271
Respondent's determination resulted from his disallowance of charitable contributions to the Universal Life Church in the amount of $ 12,757 for 1980 and $ 9,754 for 1981. Some of the facts were stipulated and they are incorporated herein by reference. Petitioner resided in Canoga Park, California, when he timely filed his petition herein. During the course of the trial, petitioner conceded that he was not entitled to charitable contribution *284 deductions for all amounts paid to the Universal Life Church of Harmony, Tustin, with the exception of $ 1,250 paid in 1980 and $ 248 in 1981. In addition, he claimed he was entitled to deduct for each year $ 35 paid to the Masons, $ 25 to Parents Without Partners and $ 18 to Shalom Temple Singles. He also claimed deductions for $ 100 paid to Elaine Sherman and $ 300 to Moira Zika, both in 1980. Petitioner bears the burden of proving respondent's determinations are incorrect. ; Rule 142(a). He has not met his burden. We deal first with the $ 1,250 which petitioner paid to the Universal Life Church of Harmony in Tustin during 1980 and the $ 248 paid in 1981. The $ 1,250 amount was paid by petitioner to obtain his own Universal Life Church charter and in order to receive ministerial credentials. The $ 248 represented monthly fees paid for membership in the organization. The record contains no evidence to show that the Universal Life Church of Harmony was a qualified organization within the meaning of section 501(c)(3) of the Code. Further, payments for which a commensurate benefit in return is expected cannot by definition *285 by termed contributions. See ; . These amounts are not deductible. Petitioner loaned $ 300 to his friend Moira Zika and gave $ 100 to another friend in need, Elaine Sherman. We find no basis whatsoever which would allow a deduction for these amounts. Petitioner also claimed he is entitled to deduct the membership fees he paid to the Masonic Order, $ 35 in each year, and $ 25 he paid Parents Without Partners when he joined that organization in 1981. We do not find any evidence to suggest that either of these organizations is an exempt organization within the meaning of section 170 of the Code. Further, he claims a deduction for his membership fees to Shalom Temple Singles Club, obviously a social organization. None of these amounts is deductible. With respect to the additions to tax under section 6653(a), the burden of proving that no part of the underpayments are due to negligence or intentional disregard of rules and regulations is upon petitioner. ; . *286 Petitioner testified in regard to his relationship with the Universal Life Church as follows: "What the thought, to be honest about it, as a tax write-off like the big boys do * * *."
The record contains no other evidence in regard to these additions. We hold petitioner has failed to prove respondent's determination to be incorrect. Lastly, respondent requested the imposition of an award of damages under the provisions of section 6673 of the Code. We have carefully considered the record as a whole and have determined, in our discretion, not to award damages in this case. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, section reference are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. ↩